Filed 3/25/21  P. v. Garcia CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISAAC GARCIA,<br><br>    Defendant and Appellant. | B304788<br><br>(Los Angeles County<br>Super. Ct. No. VA128373) |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed.

Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Nima Razfar, Deputy Attorneys General.

* * * * * *

Isaac Garcia (defendant) filed a petition to vacate his conviction for attempted murder pursuant to Penal Code section 1170.95,[1] as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.). The trial court summarily denied that petition and defendant now appeals. Under *People v. Love* (2020) 55 Cal.App.5th 273, review granted Dec. 16, 2020, S265445, defendant's petition fails as a matter of law; as a direct result, his related procedural challenges also fail. So, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

I.      **Facts[2]**

A.      *The underlying crime*

In November 2012, defendant and two other members of the Bellflower Devils clique of the 18th Street gang, Israel Itehua (Itehua) and Jeremy Harris (Harris), chased a putative rival gang member into an apartment complex. There, Itehua shot and paralyzed one woman and then, as the men fled, Itehua fired four shots at a homeless man who had earlier refused to affirm his gang affiliation to them.

B.      *Prosecution, conviction and appeal*

The People charged defendant with (1) the attempted murder of the woman Itehua shot (§§ 187, subd. (a) & 664), and (2) the attempted murder of the homeless man (§§ 187, subd. (a)

---

**1**      All further statutory references are to the Penal Code unless otherwise indicated.

**2**      We draw these facts from our prior, unpublished appellate opinion affirming defendant's convictions. (*People v. Garcia* (May 30, 2019, B266328) [nonpub. opn.].)

& 664).[3]  The People further alleged that the attempted murders were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)); that both attempted murders were committed willfully, deliberately and with premeditation (§ 664, subd. (a)); that a principal discharged a firearm in the course of each attempted murder (§ 12022.53, subd. (d)); and that defendant personally inflicted great bodily injury in the course of each attempted murder (§ 12022.7, subd. (b)).

A jury convicted defendant of both attempted murders and found all allegations to be true.

The trial court sentenced defendant to prison for a term of 68 years and four months to life.  As part of this sentence, the trial court imposed a 32-year sentence for each attempted murder count, comprised of seven years to life for the attempted murder plus 25 years for the discharge of a firearm allegation; the court ran the two attempted murder sentences consecutively.

Defendant appealed his conviction and we affirmed in an unpublished opinion.

## II.    Procedural Background

On October 22, 2019, defendant filed a petition seeking resentencing under section 1170.95 for his two attempted murder convictions.  Without appointing counsel for defendant or holding a hearing, the court summarily denied defendant's petition on the ground that "section 1170.95" does not provide relief for attempted murder convictions.

Defendant filed this timely appeal.

---

[3]     The People also charged defendant with second degree robbery (§ 211), but that charge and the resulting conviction are not at issue in this appeal.

**DISCUSSION**

Defendant argues that the trial court erred in denying his section 1170.95 petition because section 1170.95 applies to attempted murder convictions. Because this argument turns on a question of statutory construction and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

Section 1170.95 authorizes a defendant "convicted of felony murder or murder under a natural and probable consequences theory" to vacate his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (§ 1170.95, subds. (a) & (c).) This, in turn, requires a showing that, among other things, he "could not be convicted of first or second degree murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.*, subd. (a)(3).) These statutes, even as amended, still authorize a murder conviction based on a theory of vicarious liability if the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e)(3)).

In *People v. Love*, *supra*, 55 Cal.App.5th at p. 279, we held that section 1170.95 does not provide for relief for attempted murder convictions. Applying this authority, the trial court was right to summarily deny defendant section 1170.95 relief for defendant's two attempted murder convictions without the appointment of counsel or any other procedural trapping.

4

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

5